**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

ROBERT L. TAYLOR,                          :
                                           :     Civil Action No. 08-4198 (JAP)
                 Plaintiff,                :
                                           :
         v.                                :     **O P I N I O N**
                                           :
STATE OF NEW JERSEY, et al.,               :
                                           :
                 Defendants.               :

**APPEARANCES:**

Robert L. Taylor, Pro Se
Ancora Psychiatric Hospital
202 Spring Garden Road
Ancora, NJ 08037-9699

**PISANO**, District Judge

Plaintiff Robert L. Taylor, confined at the Ancora Psychiatric Hospital, Ancora, New Jersey, seeks to bring this action in forma pauperis, alleging constitutional violations pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief.  For the following reasons, the complaint will be dismissed, without prejudice.

## BACKGROUND

The following factual allegations are taken from plaintiff's complaint.

Although somewhat incoherent, it appears that plaintiff was involved in a knife fight with another inmate, and a corrections officer, Robert Davis, watched it occur and did not intervene. As a result of the fight, plaintiff dislocated his shoulder.  He also claims he was shot under the left arm as the guard watched, and was in a coma for a month.  Plaintiff states that he wants monetary relief and for his shoulder to be fixed.  It is unclear when and where this incident occurred.  Plaintiff names as defendants only the State of New Jersey and "Mercer County Prison."

## DISCUSSION

A.    **Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to

the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See</u> <u>id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

3

_Phillips_, 515 F.3d at 234 (internal citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct

4

deprived him of rights, privileges, or immunities secured by the
Constitution or laws of the United States.  See Parratt v.
Taylor, 451 U.S. 527, 535 (1981), overruled in part on other
grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.
S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v.
Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff Does Not Name Proper Defendants**

Plaintiff's complaint contains serious claims; however,
plaintiff does not name proper defendants.

The Eleventh Amendment to the United States Constitution
provides that, "The Judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or
prosecuted against one of the United States by citizens of
another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking
to impose a liability which must be paid from public funds in a
state treasury is barred from federal court by the Eleventh
Amendment, unless Eleventh Amendment immunity is waived by the
state itself or by federal statute.  See, e.g., Edelman v.
Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment
protects states and their agencies and departments from suit in
federal court regardless of the type of relief sought.  See
Pennhurst State School and Hospital v. Halderman, 465 U.S. 89,

5

100 (1984).  Section 1983 does not override a state's Eleventh
Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that
are considered arms of the state for Eleventh Amendment purposes,
nor state officers sued in their official capacities for money
damages are persons within the meaning of § 1983.  See Will v.
Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10
(1989); Grabow v. Southern State Correctional Facility, 726 F.
Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of
Corrections is not a person under § 1983).

Title 28 Section 1915(e)(2)(B)(iii) requires this Court to
dismiss this action if it "seeks monetary relief from a defendant
who is immune from such relief."  Therefore, for the foregoing
reasons, any claims against the State of New Jersey must be
dismissed with prejudice.

Plaintiff names as a defendant "Mercer Co. Prison."  This
Court is unaware of a Mercer County Prison.  However, assuming
that plaintiff meant to name "Mercer County Correctional Center"
as defendant, the claims against this defendant must also be
dismissed.  See Mitchell v. Chester County Farms Prison, 426 F.
Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP,
856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity
amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County
Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail

not a "person" under § 1983); <u>McCoy v. Chesapeake Correctional
Center</u>, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not
a "person" under § 1983).

**D.    <u>Plaintiff's Claims Will Be Dismissed, Without Prejudice.</u>**

Liberally construing the complaint, it appears that
plaintiff is asserting an Eighth Amendment failure to intervene
claim, and an Eighth Amendment claim for medical care to attend
to his shoulder.

The Eighth Amendment to the United States Constitution,
applicable to the individual states through the Fourteenth
Amendment, prohibits the states from inflicting "cruel and
unusual punishments" on those convicted of crimes.  <u>See</u> <u>Rhodes v.
Chapman</u>, 452 U.S. 337, 344-46 (1981).  The proscription against
cruel and unusual punishment requires that prison officials
provide inmates with adequate medical care.  <u>See</u> <u>Estelle v.
Gamble</u>, 429 U.S. 97, 103-04 (1976).  In order to set forth a
cognizable claim for a violation of his right to adequate medical
care, an inmate must allege:  (1) a serious medical need; and (2)
behavior on the part of prison officials that constitutes
deliberate indifference to that need.  <u>See</u> <u>id.</u> at 106.

In the case at issue, it appears that the condition suffered
by the plaintiff, a dislocated shoulder, is serious.  Plaintiff
may or may not be able to allege facts indicating deliberate

indifference to his medical need.  However, as pled, plaintiff
has not done so, and has not named proper defendants.

With regard to plaintiff's failure to intervene claim, the
Third Circuit has held that "a corrections officer's failure to
intervene in a beating can be the basis of liability for an
Eighth Amendment violation under § 1983 if the corrections
officer had a reasonable opportunity to intervene and simply
refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d
Cir. 2002).  However, "an officer is only liable if there is a
realistic and reasonable opportunity to intervene." Id. at 651
(citing Putman v. Gerloff, 639 F.2d 415, 423-24 (8th Cir.
1981)(liability exists only if the non-intervening officer saw
the beating or had time to reach the offending officer))(other
citations omitted).  In this case, plaintiff has not alleged
facts indicating a failure to intervene claim, and has not named
proper defendants.

Therefore, plaintiff's complaint will be dismissed for
failure to state a claim upon which relief may be granted,
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the
dismissal will be without prejudice to plaintiff filing a motion
to reopen and an amended complaint, naming proper defendants and
alleging enough factual matter to "suggest" the required elements
of his claims, as outlined above.

## CONCLUSION

Based on the foregoing, plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if plaintiff can correct the deficiencies of his complaint, including naming proper defendants, he may file a motion to reopen these claims in accordance with the attached Order.

/s/ JOEL A. PISANO
United States District Judge

Dated:    October 6, 2008